IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SIGNIFY HEALTH, INC., and <br> CARAVAN HEALTH, INC., | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | No. 4:22-CV-00776-DGK |
| PATTI SCHNIEDER, | ) <br> ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

This lawsuit arises from Plaintiffs Signify Health, Inc. ("Signify") and Caravan Health, Inc. ("Caravan"), allegations that Defendant Patti Schnieder, a former employee of Signify's subsidiary Caravan, is presently violating non-solicitation and non-compete provisions in her employment agreement with Caravan by accepting employment with a competitor, Vytalize Health ("Vytalize"), and soliciting key Caravan clients to switch to Vytalize.

Now before the Court is Plaintiffs' Motion for Temporary Restraining Order and Expedited Discovery. ECF No. 2. Plaintiffs request a temporary restraining order enjoining Plaintiff from working for Vytalize Health in her current position, disclosing any confidential Caravan information, and soliciting any of Plaintiffs' employees or customers. Plaintiffs also request the Court grant expedited discovery to aid in preliminary injunction briefing.

After carefully reviewing the motion and the existing record, the Court holds Plaintiffs have not met their burden for the Court to issue a temporary restraining order. This portion of the motion is DENIED. The Court takes Plaintiffs' request for expedited discovery under advisement. The Court will rule on such a request once Plaintiff has been served and heard on the issue.

## Background

Plaintiffs' allegations are detailed in their verified complaint and the combined motion and brief in support of the motion which the Court has carefully reviewed. V. Compl, ECF No. 1; Mot., ECF No. 2. The allegations will not be repeated here.

## Standard for Issuance of a Temporary Restraining Order

In determining whether to grant a temporary restraining order the Court considers: (1) the threat of irreparable harm to the movant; (2) the balance between this harm and any injury that granting the injunction will inflict on the non-moving party; (3) the likelihood that the moving party will prevail on the merits; and (4) the public interest. *Phelps-Roper v. Nixon*, 509 F.3d 480, 484 (8th Cir. 2007). No single factor is determinative; they must be "balanced to determine whether they tilt towards or away" from granting the injunction. *Noodles Development, LP. v. Ninth St. Partners, LLP*, 507 F. Supp. 2d 1030, 1034 (E.D. Mo. 2007). A temporary restraining order is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

## Discussion

**A.     Plaintiffs have not demonstrated a threat of irreparable harm.**

To demonstrate a sufficient threat of irreparable harm, the moving party must show that there is no adequate remedy at law; that is, that an award of damages cannot compensate the movant for the harm. *See Noodles Development*, 507 F.Supp.2d at 1036–37. Plaintiffs contend Schneider had access to confidential and proprietary information at Caravan, and that they are facing the threat of substantial harm from the loss of customer goodwill if existing clients follow Schnieder to Vytalize. Mot. at 17.

The Court is not persuaded of the threat of *irreparable* harm to Plaintiffs. Granted, the "violation of a valid non-compete agreement can support an inference of the existence of a threat of irreparable harm." *Church Mut. Ins. Co. v. Sands*, No. 14-CV-3119-S-DGK, 2014 WL 3907831, at *3 (W.D. Mo. Aug. 11, 2014) (emphasis added) (granting a request for a preliminary injunction after an evidentiary hearing). But the existing record here does not support such an inference. It appears that while Schnieder's alleged actions may cause Plaintiffs to lose some business, an award of monetary damages for lost profits could compensate Plaintiffs for this loss. Thus, Plaintiffs have not demonstrated a threat of irreparable harm here.

**B.     Plaintiffs have not shown the balance of harms favors issuing a TRO.**

Plaintiffs also argues the Court should issue a temporary restraining order because Schnieder will not be unduly harmed in any way if she is required to abide by her employment agreement with Caravan, particularly since she was paid $140,000 a year and received other benefits as a result of her employment with it.

The Court is not convinced. Issuing the injunction sought by Plaintiffs might fatally harm Schnieder's employment prospects in the healthcare industry. Hence, the Court is not satisfied that the balance of harms favors issuing a temporary restraining order.

**C.     Plaintiffs have shown a likelihood of success on the merits.**

To demonstrate likelihood of success on the merits, a movant does not need to show that it ultimately will succeed on its claims, only that the movant's prospects for success is *sufficiently likely* to support the kind of relief it requests. *Id.* (emphasis added) (citations omitted). That is, the movant need only show "a fair chance of prevailing." *Phelps-Roper*, 509 F.3d at 485. Here there is ample evidence in the record that Caravan had an employment agreement in place with Schnieder containing non-solicitation and non-competition provisions.

This suggests that Plaintiff Caravan has at least a fair chance of prevailing on at least some of its claims.

### D. The public interest does not weigh in either side's favor.

The Court finds the public interest does not favor either granting or denying the request for a temporary restraining order. Thus, this factor does not weigh in favor of either side.

### E. Plaintiffs have not carried their burden.

After balancing the four factors, the Court holds Plaintiffs have not clearly shown entitlement to the extraordinary and drastic remedy of a temporary restraining order issued ex parte. Although Plaintiffs have established one of the four factors, they have not established that after balancing all four factors the scale tilts in favor of granting the temporary restraining order. *Noodles Development*, 507 F.Supp.2d at 1034.

## Conclusion

Plaintiffs' request for a temporary restraining order is DENIED. The Court withholds ruling on Plaintiffs' request for expedited discovery until Defendant has been served and heard on the issue.

**IT IS SO ORDERED.**

Date:  November 28, 2022           /s/ Greg Kays
                                   GREG KAYS, JUDGE
                                   UNITED STATES DISTRICT COURT